AUG — 3 2010

1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                                   DISTRICT OF NEVADA

8

9    TAMARA SETTLEMYERS and WILLIAM        )        2:09-CV-02253-RCJ-(LRL)
     SETTLEMYERS,                          )
10                                         )
                    Plaintiffs,            )        **ORDER**
11                                         )
     v.                                    )
12                                         )
     PLAYLV GAMING OPERATIONS, LLC,        )
13                                         )
                    Defendant.             )
14                                         )
                                           )
15   _____)

16          Plaintiffs Tamara Settlemyers, ("Tamara"), and William Settlemyers, ("William," collectively,

17   "Plaintiffs"), sued Defendant PlayLV Gaming Operations, LLC, ("Defendant"), alleging various claims

18   based on Defendant's denial of medical leave to Tamara and termination of her employment.  Presently

19   before the Court is Defendant's Motion to Dismiss (#6).  Defendant's motion relies on several exhibits

20   outside of the complaint.  Plaintiffs filed an opposition, treating the motion as one for summary judgment

21   (#8).  Defendant replied, maintaining that its motion is a motion to dismiss (#9).  The Court held a

22   hearing on April 26, 2010.  The Court disregards evidence beyond the scope of the complaint and treats

23   Defendant's motion as a motion to dismiss.  The Court now issues the following order.  IT IS HEREBY

24   ORDERED that Defendant's Motion to Dismiss (#6) is GRANTED IN PART AND DENIED IN PART.

25                                      **I. BACKGROUND**

26          Plaintiffs allege the following in their complaint.  William and Tamara are husband and wife.

27   (Compl. (#1) ¶ 3).  Tamara worked as a cocktail waitress for Defendant and its predecessors.  Tamara

28   was a member of the Culinary Workers' Union, Local 226, (the "Union"), and subject to a Collective

1   Bargaining Agreement, (the "CBA"). (*Id.* at ¶¶ 10, 12, 21).   In May 2007, she suffered severe injuries

2   to her shoulders and arms due to the physical activity required by her job.  These injuries prevented her

3   from performing her duties. (*Id.* at ¶¶ 12, 13).  Defendant refused to grant her medical leave from May

4   through November 2007. (*Id.* at ¶¶ 14, 23).  Plaintiffs allege Tamara was entitled to 12 weeks of medical

5   leave under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, (the "FMLA"), and under

6   her employment contract as well as to six months of medical leave under the CBA. (Compl. (#1) ¶¶ 26,

7   31, 38).  On November 14, 2007, Defendant terminated Tamara's employment. (*Id.* at ¶¶ 15, 24).

8                                          **II. LEGAL STANDARD**

9          A court must dismiss a cause of action that fails to state a claim upon which relief can be granted.

10  Fed. R. Civ. P 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state

11  a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally

12  cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

13  (2007).  A complaint must state the grounds upon which a plaintiff is entitled to relief.  A mere recitation

14  of the legal elements of a cause of action is insufficient.  *Id.*  In considering whether the complaint is

15  sufficient to state a claim, the court will take all material allegations as true and construe them in the light

16  most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The

17  court, however, is not required to accept as true allegations that are merely conclusory, unwarranted

18  deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979,

19  988 (9th Cir.2001).

20         "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and

21  not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

22  Fed. R. Civ. P 12(d).  The court may consider "documents attached to the complaint, documents

23  incorporated by reference in the complaint, or matters of judicial notice" without converting a 12(b)(6)

24  motion to dismiss to a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th

25  Cir. 2003).  "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for

26  all purposes." Fed. R. Civ. P. 10(c).  A document is incorporated by reference in a complaint if the

27  complaint extensively refers to the document and the document forms a basis of a claim. *Ritchie*, 342

28  F.3d at 908.  "[O]n a motion to dismiss a court may properly look beyond the complaint to matters of

1    public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."

2    *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds*,

3    *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

4                                              **III. DISCUSSION**

5            Defendant moves to dismiss Plaintiffs' complaint in its entirety.  Defendant essentially advances

6    two general arguments.  On one hand, Defendant argues that Plaintiffs' complaint "is nothing more than

7    an amalgamation of conclusory statements" and fails to meet even the minimal requirements of notice

8    pleading.  (Mot. to Dismiss (#6) 6:9–11, 6:19–20, 7:21–22, 8:2–3, 8:13–14).  On the other hand,

9    Defendant relies on several unauthenticated exhibits to argue that Plaintiffs' factual allegations in their

10   complaint are not true.  (*See id.* at 3:2–5:15, 6:14–15, 6:26–27, 7:16–17).  In addition to these general

11   arguments, Defendant argues that review of Plaintiffs' claim for breach of the CBA is limited to the

12   CBA's grievance and arbitration procedure.  (*Id.* at 7:8–11).

13           Beyond describing the standard for a Rule 12(b)(6) motion, Defendant's motion is completely

14   devoid of legal authority.  The same is true regarding Defendant's reply.  In their opposition, Plaintiffs

15   noted Defendant's reliance on evidence outside the pleadings and lack of foundation for this evidence.

16   Despite this, Defendant has refused to budge from its original position and maintains that it may rely on

17   its unauthenticated exhibits in a motion to dismiss under Rule 12(b)(6).  (Def.'s Reply (#9) 2:18–28,

18   3:8–12).  The Court will exclude Defendant's exhibits and consider the motion under Rule 12(b)(6).

19   Applying this standard, the Court concludes that Plaintiffs' third, fourth, sixth, and seventh causes of

20   action are dismissed with leave to amend.

21   **A.      First Cause of Action: Termination of Employment in Violation of the FMLA**

22           Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave

23   during any 12-month period . . . . [b]ecause of a serious health condition that makes the employee unable

24   to perform the functions of the position of such employee." 29 U.S.C. § 1612(1). It is "unlawful for any

25   employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided"

26   under the FMLA or " to discharge or in any other manner discriminate against any individual for opposing

27   any practice made unlawful " by the FMLA.  29 U.S.C. § 2615(a).  To establish a prima facie case of

28   retaliation in violation of the FMLA, a plaintiff  must establish: (1) he engaged in a protected activity

1  under the FMLA; (2) he suffered adverse action by the employer following the protected activity; and

2  (3) the adverse employment action was causally linked to the protected activity. *Raymond v. Albertson's*

3  *Inc.*, 38 F. Supp. 2d 866, 869 (D. Nev 1999).

4      Defendant argues that Plaintiffs have failed to allege a claim for violation of the FMLA with

5  enough specificity to survive dismissal. (Mot. to Dismiss (#6) 6:19–20). In their complaint, Plaintiffs

6  allege that Defendant violated the FMLA by not providing Tamara with the required 12 weeks of medical

7  leave per year and terminating her when she requested leave under the FMLA. (Compl. (#1) ¶¶ 24–26).

8  The FMLA protects Tamara's right to 12 weeks of medical leave. Termination is an adverse employment

9  action. A causal link can be inferred through proximity in time. Plaintiffs have stated a claim upon which

10  relief may be granted.

11  **B.**      **Second Cause of Action: Breach of Contract**

12      "A claim for breach of contract requires the plaintiff to demonstrate the following elements: (1)

13  the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the

14  breach." *Cohen-Breen v. Gray Television Group, Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev 2009).

15      In their complaint, Plaintiffs allege that Defendant's policies and procedures constituted a contract

16  under which Tamara was due 12 weeks of medical leave. (Compl. (#1) ¶¶ 31–32). They allege

17  Defendant breached the contract by denying Tamara the 12 weeks of leave, causing Plaintiffs damages.

18  (*Id.* at ¶¶ 34–35). Defendant contends that the policy handbook explicitly sates it is not a contract. (Mot.

19  to Dismiss (#6) 7:4–7). Though Plaintiffs' complaint references the employer's policies and procedures,

20  presumably contained in the handbook, the Court cannot consider the purported copy of the handbook

21  provided by Defendant because it lacks authentication and Plaintiffs dispute its authenticity. (*See* Pl.'s

22  Opp'n (#8) 5:6–9). Defendant also contends that Tamara breached the employment contract by not

23  showing up to work two times in a row. (Mot. to Dismiss (#6) 6:27–7:3). This is not evidence on the

24  face of the complaint. Furthermore, whether Tamara's ultimate termination was due to her violation of

25  Defendant's policies does not affect whether Defendant breached its employment contract by not granting

26  Tamara medical leave. Taking Plaintiffs' allegations as true, Plaintiffs have stated a claim upon which

27  relief may be granted.

28  ////

4

1  **C.     Third Cause of Action: Breach of Third-Party Beneficiary Contract**

2          This claim is based on Defendant's alleged breach of the CBA.  Under the CBA, Defendant shall

3  grant an employee with a bona fide illness or serious health condition a leave of absence of up to six

4  months during any 12 month period.  (Pl.'s Opp'n (#8) Ex. 1 at § 13.01(b)).  If the illness or injury is

5  compensable under the Nevada Industrial Insurance Act, Defendant shall grant the employee indefinite

6  leave for the time period that a treating physician certifies that the employee is unable to perform her

7  duties.  (*Id.* at Ex. 1 at § 13.01(a).

8          The CBA also states that all grievances shall be filed and submitted to Defendant by the Union

9  and that all unresolved grievances shall be heard by the Board of Adjustment, consisting of up to three

10 representatives of the Union and up to three representatives of Defendant.  (Pl.'s Opp'n (#8) Ex. 1 at

11 § 21.02).[1]  "Any grievance not settled by the Board of Adjustment may be referred to arbitration . . . ."

12 (*Id.* at Ex. 1 at § 21.02(d)).  The arbitrator's decision is final and binding.  (*Id.* at Ex. 1 at § 21.04).

13         Normally, an arbitration clause precludes judicial review of an employee's claim against an

14 employer for breach of a collective-bargaining agreement.  But, if the union fails to pursue the grievance

15 and arbitration process in good faith, the courts may hear the employee's claim for breach.  *See Hines*

16 *v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563–66 (1976).  To obtain judicial review despite an

17 arbitration clause, Plaintiffs must "not only show that their discharge was contrary to the contract but

18 must also carry the burden of demonstrating breach of duty by the Union."  *Id.* at 570–71.  The union's

19 refusal alone to proceed through the grievance and arbitration process does not authorize judicial review;

20 the refusal must be in bad faith.  *See id.* at 564–67.

21         Defendant argues that Plaintiffs may not prosecute their claim for breach of the CBA in this Court

22 because of the arbitration clause.  (Mot. to Dismiss (#6) 7:8–11).  Nothing in Plaintiffs' complaint

23 suggests that Tamara filed grievances, had her grievances heard by the Board of Adjustment or an arbiter,

24 or that the Union acted in bad faith in advancing her grievances.  Therefore, Plaintiffs' claim for violations

25 of the CBA is dismissed with leave to amend.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give

26 leave to amend when justice so requires.").

27 _____

28         [1] The Court may consider the CBA without converting the motion to one for summary judgment
   because it is incorporated by reference in the complaint.

1   **D.      Fourth Cause of Action: Tortious Breach of the Implied Covenant of Good Faith and Fair**

2   **Dealing**

3            The tort of bad faith is inapplicable to ordinary breaches of contract.  It applies only to "rare and

4   exceptional cases."  *Great American Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 354 (Nev. 1997) (per

5   curiam).  To establish a claim for tortious bad faith, the breach must involve a special element of reliance

6   or fiduciary duty.  *Id.* at 354–55.  Plaintiffs must show that Defendant was in a superior or entrusted

7   position and engaged in "grievous and perfidious misconduct."  *Id.* at 355 (quoting *K Mart Corp. v.*

8   *Ponsock*, 732 P.2d 1364, 1371 (Nev. 1987)).  Plaintiffs must also show that ordinary contract damages

9   are inadequate to make them whole and punish Defendant for its misconduct.  *Great American*, 934 P.2d

10  at 355.

11           In the employment context, Nevada recognizes a cause of action for tortious discharge when an

12  employer's conduct violates compelling public policy.  *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 791

13  (Nev. 2009).  However, Nevada does "not recognize an action for tortious discharge when a plaintiff has

14  an adequate, comprehensive, statutory remedy."  *Id.*

15           Defendant argues that Plaintiffs' claim for tortious breach of the implied covenant of good faith

16  and fair dealing fails to state a claim upon which relief can be granted because it is derivative of Plaintiffs'

17  claims for breach of employment contract and breach of the CBA.  (Mot. to Dismiss (#6) 7:12–13).

18  Because Plaintiff's claim for breach of employment contract survives dismissal, Defendant's argument

19  fails.

20           Defendant also generally argues that Plaintiffs' complaint fails to raise any plausible claim for

21  relief.  Plaintiffs' complaint contains nothing more than a rote recital of the legal elements of a tort claim

22  for bad faith.  (*See* Compl. (#1) ¶¶ 43–47).  It merely asserts that Defendant "acted in bad faith and dealt

23  unfairly with" Tamara regarding medical leave without specifying what facts make contract and statutory

24  relief inadequate.  (*See id.* at ¶ 44).  Furthermore, Plaintiffs have failed to plead factual allegations that

25  suggest this is a rare and exceptional case where the tort of bad faith applies.  Therefore, Plaintiffs' claim

26  for tortious breach of the implied covenant of good faith and fair dealing is dismissed with leave to

27  amend.  *See* Fed. R. Civ. P. 15(a)(2).

28  ///

6

1    **E.      Fifth Cause of Action: Termination of Employment in Violation of Nevada Revised**

2    **        Statutes § 613.330**

3            Under Nevada law, it is unlawful for an employer to discharge an employee or discriminate

4    against the employee with regards to his terms of employment because of his disability. Nev. Rev. Stat.

5    § 613.330(1).[2]

6            Defendant argues that Plaintiffs have failed to allege their claim for violation of the § 613.330 with

7    enough specificity. (Mot. to Dismiss (#6) 7:21–22). Plaintiffs allege that Defendant refused to provide

8    Tamra with medical leave and reasonable accommodations while she suffered from a disability and

9    terminated her on the basis of her disability. (Compl. (#1) ¶¶ 48–56). Plaintiffs have stated a claim upon

10   which relief may be granted.

11   **G.      Sixth Cause of Action: Intentional Infliction of Emotional Distress**

12           To establish a cause of action for intentional infliction of emotional distress, a plaintiff must

13   establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for,

14   causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and

15   (3) actual or proximate causation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998)

16   (quoting *Star v. Rabello*, 625 P.2d 90, 91–92 (1981)). "[E]xtreme and outrageous conduct is that which

17   is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community'

18   . . . . '[P]ersons must necessarily be expected and required to be hardened . . . to occasional acts that are

19   definitely inconsiderate and unkind.'" *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998)

20   (quoting California Book of Approved Jury Instructions No. 12.74). "Liability for emotional distress

21   generally does not extend to 'mere insults, indignities, threats[,] annoyances, petty oppressions, or other

22

23           [2] Section 613.350 specifically states that it is not unlawful to hire, employ, or fail or refuse to hire
     a person based on his disability where "physical, mental or visual condition . . . is a bona fide occupational
24   qualification reasonably necessary to the normal operation of that particular business or enterprise." Nev.
     Rev. Stat. § 613.350(1), (2). But, it does not state that it is not unlawful to *discharge* an employee based
25   on disability if physical condition is a bona fide occupational qualification.  The Nevada legislature
     specifically made it not unlawful to discharge an employee on the basis of age if he is less than 40 years
26   old.  Nev. Rev. Stat. § 613.350(3).  This suggests that the Nevada legislature intended to exclude
     discharge from the practices made lawful by subsections 1 and 2.  However, even if an employer may not
27   discharge an employee because of his disability when "physical, mental or visual condition . . . is a bona
     fide occupational qualification reasonably necessary to the normal operation of that particular business
28   or enterprise," he may still discharge the disabled employee for reasons other than *because of* his
     disability. *See* Nev. Rev. Stat. § 613.330(1).

                                                          7

1   trivialities.'" *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1268 (D. Nev. 2001) (quoting *Candelore v. Clark*

2   *County Sanitation Dist.*, 752 F. Supp. 956, 962 (D. Nev. 1990)). The less extreme the outrage, the more

3   evidence of physical injury or illness from emotional distress is required. *Chowdhry v. NLVH, Inc.*, 851

4   P.2d 459, 483 (Nev. 1993) (quoting *Nelson v. City of Las Vegas*, 555, 665 P.2d 1141, 1145 (Nev.

5   1983)).

6        Defendant argues that Plaintiffs claim for intentional infliction of emotional distress fails because

7   Plaintiffs made only a conclusory allegation that Defendant acted with reckless disregard for Tamara's

8   well being. (Mot. to Dismiss (#6) 8:1–8). "Malice, intent, knowledge, and other conditions of a person's

9   mind may be alleged generally." Fed. R. Civ. P. 9(b).   Thus, Plaintiffs have satisfactorily pled the

10  required state of mind for intentional infliction of emotional distress.

11       Defendant also generally attacks Plaintiffs' complaint for failure to allege grounds for relief

12  sufficient to raise a cognizable claim.  Plaintiffs complaint contains no factual allegations that suggest

13  Defendant engaged in any extreme or outrageous conduct.  Denial of leave and termination are not

14  extreme and outrageous.  Therefore, Plaintiffs' claim for intentional infliction of emotional distress is

15  dismissed with leave to amend. *See* Fed. R. Civ. P. 15(a)(2).

16  **G.     Seventh Cause of Action: Loss of Consortium**

17       A plaintiff may recover for loss of companionship, emotional support, love, felicity, and sexual

18  relations against a defendant who negligently or intentionally harmed his spouse. *Anderson v. Northrop*

19  *Corp.*, 250 Cal. Rptr. 189, 194 (Cal. Ct. App. 1988).  A plaintiff may recover for loss of consortium

20  whether the injury to the spouse is physical or psychological.  *Id.*  The psychological injury must be

21  severe, such as "neurosis, psychosis, chronic depression, or phobia sufficient to substantially disturb the

22  marital relationship on more than a temporary basis." *Id.* at 195.

23       Defendant argues that Plaintiffs have failed to allege their claim for loss of consortium with

24  enough specificity. (Mot. to Dismiss (#6) 8:13–14).  Plaintiffs' allege that Defendant's actions caused

25  William to lose the full companionship and services of his wife. (Compl. (#1) ¶ 62).  But, the complaint

26  does not indicate how or why Defendant's wrongful conduct resulted in injury to Tamara that prevented

27  William from enjoying full consortium with her.  Plaintiffs assert that Tamara's medical condition caused

28  Defendant to commit wrongful acts against her, not that Defendant's wrongful acts caused Tamara's

8

1   medical condition.  Plaintiffs allege that Tamara suffered "pain, suffering, anguish, and frustration."  (*Id.*

2   at ¶¶ 29, 46, 55, 59).   But these allegations do rise to the level of "neurosis, psychosis, chronic

3   depression, or phobia sufficient to substantially disturb the marital relationship on more than a temporary

4   basis" and cannot sustain a claim for loss of consortium. *Anderson*, 250 Cal. Rptr. at 195 (internal quotes

5   ommited).  Therefore, Plaintiffs' claim for loss of consortium is dismissed with leave to amend.  *See* Fed.

6   R. Civ. P. 15(a)(2).

7   **H.      Punitive damages**

8         Though it is not clear that Defendant challenged Plaintiffs' allegations of malice in general,

9   Plaintiffs have defended their allegations of malice.  In order to receive an award of punitive damages,

10   Plaintiffs must show, by clear and convincing evidence, that Defendant breached a non-contractual

11   obligation with malice.  Nev. Rev. Stat. § 42.005(1).  "Malice" "means conduct which is intended to

12   injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or

13   safety of others."  Nev. Rev. Stat. § 42.001(3).  "'Conscious disregard' means the knowledge of the

14   probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those

15   consequences."  Nev. Rev. Stat. § 42.001(1).

16         Plaintiffs allege Defendant acted with malice in several of their claims, presumably in the hope of

17   receiving an award of punitive damages.  "Malice, intent, knowledge, and other conditions of a person's

18   mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Plaintiffs have satisfied Rule 9 by generally alleging

19   malice.  Therefore, the Court will not dismiss Plaintiffs' allegation of malice.

20

21                                     **IV.  CONCLUSION**

22         Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#6) is GRANTED

23   IN PART AND DENIED IN PART.

24         IT IS FURTHER ORDERED that Plaintiffs' Third, Fourth, Sixth, and Seventh Causes of Action

25   are DISMISSED with leave to amend.

26         DATED: This  3rd  day of August, 2010.

27                                     _____

28                                     Robert C. Jones
                                     UNITED STATES DISTRICT JUDGE