

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA SETTLEMYERS et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PLAY LV GAMING OPERATIONS et al., ) <br> ) <br> Defendants. ) | 2:09-cv-02253-RCJ-GWF <br><br> ORDER |

This case arises out of the termination of an employee, allegedly without time off as required by the Family and Medical Leave Act ("FMLA"). Defendant Play LV Gaming Operations, LLC, d.b.a. Las Vegas Club (the "Club") has moved to dismiss for failure to state a claim, failure to join an indispensable party, and failure to exhaust non-judicial remedies. For the reasons given herein, the Court grants the motion in part, with leave to amend in part.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Tamara Shay Settlemyers was a part-time cocktail waitress at the Club for over a year. (*See* First Am. Compl. ¶¶ 8, 18, Sept. 3, 2010, ECF No. 15). A Collective Bargaining Agreement (the "CBA") between the Club and Local 226 of the Culinary Workers Union applied to Plaintiff's employment. (*Id.* ¶ 16). On May 6, 2007, Plaintiff suffered incapacitating injuries to her shoulders and arms due to repetitive physical actions required by her duties at the Club. (*Id.* ¶ 18). On November 14, 2007, the Club terminated Plaintiff's employment. (*Id.* ¶ 19).

Plaintiff and her husband, William Settlemyers, sued the Club in this Court on seven causes of action: (1) Violation of the FMLA; (2) Breach of Contract; (3) Breach of Third-Party Beneficiary Contract; (4) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Violation of NRS Section 613.330; (6) Intentional Infliction of Emotional Distress ("IIED"); and (7) Loss of Consortium. On August 3, 2010, the Court granted the Club's motion to dismiss in part. (*See* Order, Aug. 3, 2010, ECF No. 14). Plaintiff filed the First Amended Complaint ("FAC"), which removes William Settlemyers as a Plaintiff and lists six causes of action: (1) Violation of the FMLA; (2) Breach of Contract; (3) Breach of Third-Party Beneficiary Contract; (4) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Violation of NRS Section 613.330; and (6) IIED. Defendant has moved to dismiss the FAC under Rules 12(b)(6) and (b)(7) and for failure to exhaust non-judicial remedies.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)

"A failure to exhaust non-judicial remedies must be raised in a motion to dismiss, and should be treated as such even if raised as part of a motion for summary judgment." *Inlandboatmens Union of the Pac. v. Dutra Grp.*, 279 F.3d 1075, 1082 (9th Cir. 2002) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)). Such a motion is a "non-enumerated Rule 12(b) motion." *Id.* at 1078 n.2 (citing *Ritza*, 837 F.2d at 368–69) (internal quotation marks omitted).

### B.  Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

C.   Rules 12(b)(7) and 19

A court may dismiss an action for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). A party must be joined if the court cannot accord complete justice in the party's absence. Fed. R. Civ. P. 19(a)(1)(A). If such a party cannot be joined, the court must decide whether the action can in equity and good conscience proceed. Fed. R. Civ. P. 19(b). Factors in determining whether to proceed include: the extent to which a judgment might prejudice the missing party or existing parties; the extent to which prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; whether the judgment would be adequate; and whether the plaintiff would have an adequate remedy if the case were dismissed for nonjoinder. Fed. R. Civ. P. 19(b)(1)–(4).

## III.   ANALYSIS

### A.   FMLA

Under the FMLA, "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under subchapter I of Chapter 28 of Title 29 or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by subchapter I. *Id.* § 2615(a)(1)–(2). To establish a prima facie case of retaliation in violation of the FMLA, a plaintiff must allege: (1) she engaged in a protected activity under the FMLA; (2) she suffered adverse action by the employer following the protected activity; and (3) the adverse employment action was causally linked to the protected activity. *Raymond v. Albertson's Inc.*, 38 F. Supp. 2d 866, 869 (D. Nev. 1999) (Rawlinson, J.). The *McDonnell Douglas* burden-shifting framework applies to an FMLA claim:

> [O]nce the employee has established a prima facie case, the burden shifts to the employer to articulate a legitimate nonretaliatory reason for its employment decision.

1  |  Once the employer meets its burden, the employee must show that a material issue
2  |  of fact exists regarding whether the employer's proffered reason for the challenged
   |  action is a pretext.

3  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)).

4  The Court will not, as the Club requests, dismiss for failure to exhaust non-judicial remedies. The Club argues that the FMLA claim should in fact be brought against Local 226 as a § 301 claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Club notes that the statute of limitations for § 301 claims is six months, and it posits that this is why Plaintiff has characterized her claim, which she filed over two years after accrual, as an FMLA claim against the Club.

Plaintiff need not exhaust any putative claims against Local 226, because her claims do not depend on the meaning of any CBA provision. *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) (holding that state tort claims did not require the interpretation of any CBA provision and could therefore proceed without arbitration). Likewise, here, the FMLA provides standards of conduct independent from the provisions of the CBA, and FMLA claims need not be arbitrated under a CBA unless the CBA contains a clear and unmistakable waiver of the right to a judicial forum to adjudicate FMLA claims. *See Wright v. Univ. Mar. Serv. Corp.*, 525 U.S. 70, 78–79 (1998) (holding that because federal statutory rights under the ADA did not arise out of the CBA, the plaintiff's ADA claims were not arbitrable under the general arbitration clause of the CBA); *Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003) (applying *Wright* to FMLA claims). *Wright* is directly on point here. Plaintiff need not arbitrate the FMLA claim under the CBA unless the Club can show that the CBA clearly and unmistakably requires it. The Club has made no such showing. Nor is Local 226 a necessary party to the FMLA claim.

The Court will dismiss the FMLA claim with prejudice under Rule 12(b)(6), however. Plaintiff alleges that under the CBA, she was in fact entitled to six months of leave, more than the twelve weeks required by the FMLA. (*See* FAC ¶ 34). As noted, however, the CBA does not

preempt or control the FMLA claim. If Plaintiff believes her rights under the CBA were violated, she must arbitrate such a claim under the CBA's general arbitration clause. *See infra* Part III.B. Plaintiff admits she received "paid medical leave" from the Club from May 16, 2007 through August 14, 2007. (*See* FAC ¶ 41). She admits she then took unpaid leave through September 10, 2007. (*See id.* ¶ 43). On September 7, 2007, three days before her leave ended, Plaintiff asked an employee of the Club to extend her leave through September 26, 2007 in accordance with the recommendation of her doctor, but the employee denied her request and told her she would be fired if she did not return to work on September 10, 2007. (*See id.* ¶¶ 48–50). Assuming for the purposes of the motion to dismiss that these allegations are true, Plaintiff will have stated a prima facie FMLA claim if the employer's denial of leave beyond September 10, 2007 violated the requirements of the FMLA. The dispositive question remaining is whether the total amount of leave Plaintiff was permitted to take equaled or exceeded twelve workweeks. *See* 29 U.S.C. § 2612(a)(1). It did, and the facts Plaintiff has alleged therefore make her FMLA claim not only implausible under *Twombly* and *Iqbal*, but also impossible under *Conley*. Plaintiff admits taking leave continuously from May 16, 2007 until September 10, 2007. May 16, 2007 was a Wednesday. Plaintiff's first full workweek of leave therefore ended on the following Tuesday, May 22, 2007. The twelfth full workweek ended on August 7, 2010. Not only does Plaintiff admit on the face of the FAC receiving more than twelve full workweeks of leave, she admits receiving more than twelve full workweeks of *paid* leave, which the FMLA does not even require. *See* 29 U.S.C. § 2612(c) ("Except as provided in subsection (d) of this section, leave granted under subsection (a) may consist of unpaid leave."). The Court therefore dismisses the FMLA claim under Rule 12(b)(6), without leave to amend.

B.  **Contract-Based Claims**

The Club is correct that § 301 of the LMRA requires arbitration of the contract-based claims (claims two, three, and four) if determination of those claims will require interpretation of

the CBA that Plaintiff admits governed her employment. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 218–19 (1985). Assuming the CBA contains a general arbitration clause—no copy of the CBA is in the record—claims such as these in a typical case should normally be dismissed under Rule 12(b) for failure to exhaust non-judicial remedies. Still, an employee may litigate a CBA-arbitrable grievance directly if she can show her union did not fairly represent her. *See Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563–67 (1976). This is a high standard:

> A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith . . . . Though we accept the proposition that a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion, we do not agree that the individual employee has an absolute right to have his grievance taken to arbitration.

*Vaca v. Sipes*, 386 U.S. 171, 190–91 (1967). In other words, an employee does not have the ability to compel arbitration, but only a right to good faith representation. *See Hines*, 424 U.S. at 567 (citing *id.* at 191–92). Plaintiff has sufficiently alleged arbitrary or bad faith conduct by her union. The Court will therefore not dismiss the second and third claims at this time. The tortious bad faith claim, however, is dismissed with prejudice under Rule 12(b)(6) because it is implausible and cannot be cured by amendment, as an employer is not a fiduciary of an employee. *See Ins. Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006).

### C.    NRS Section 613.330

Plaintiff alleges the Club terminated her because of her disability in violation of NRS section 613.330. A person aggrieved by a violation of section 613.330 may complain to the Nevada Equal Rights Commission ("NERC"), Nev. Rev. Stat. § 613.405, and may appeal to the courts if NERC denies the complaint, *id.* § 613.420. The statute of limitations is 180 days after the date of the acts complained of. *Id.* § 613.430. Plaintiff alleges she received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), which has a work-sharing agreement with NERC, on September 1, 2009. (*See* FAC ¶ 11). She sued fifty-four days after receipt of the letter. This claim is not preempted by the CBA, because Plaintiff's rights

against discrimination arise out of a state statute and are not determined by interpretation of the CBA. *See Wright*, 525 U.S. at 78–79.

Chapter 613 defines "disability" as "[a] physical or mental impairment that substantially limits one or more of the major life activities of the person, including, without limitation, the human immunodeficiency virus; [a] record of such an impairment; or [b]eing regarded as having such an impairment." Nev. Rev. Stat. § 613.310(1)(a)–(c). This language mirrors the language of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12102 (1)(A)–(C). Therefore, the courts look to federal ADA cases when applying section 613.330. *Puckett v. Porsche Cars of N. Am., Inc.*, 976 F. Supp. 957, 960 (D. Nev. 1997) (Hagen, J.). An impairment does not qualify under the "being regarded as having such an impairment" prong if it has an actual or expected duration of less than six months. *See* 42 U.S.C. § 12102(3)(B).

Plaintiff does not allege facts sufficient to indicate that her injuries substantially impaired a major life activity. She alleges "incapacitating injuries to her shoulders and arms which were caused by the repetitive physical actions required by her job duties as a cocktail waitress." (First Am. Compl. ¶ 18). Presumably, her doctor gave her some sort of lifting restriction. Temporary lifting restrictions do not generally constitute "substantial limitation" under the ADA. *See, e.g., Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539–40 (9th Cir. 1997) (holding that a restriction against continuously lifting 25 pounds, lifting over 50 pounds twice a day, or lifting over 100 pounds once a day did not constitute a "substantial limitation" under the ADA). Because this deficiency can be cured if Plaintiff can allege an injury of sufficient limitation and duration, the Court dismisses the Chapter 613 claim, with leave to amend.

D. IIED

The elements of an IIED claim are "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v.*

1 *Rabello*, 625 P.2d 90, 91–92 (Nev. 1981). Generally, physical injury or illness caused by the alleged emotional distress is required when there is no physical impact to the Plaintiff. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998). "The less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983).

> [C]laims for assault and battery provide the outer limits of extreme outrage. Thus, an assault, a tort that does not require a physical impact, is in and of itself a predicate for an award of nominal or compensatory damages without proof of "serious emotional distress." Thus, the standard of proof for emotional distress damages arising from assault and battery is not as stringent as the standard of proof requirement for bare claims of intentional or negligent infliction of emotional distress.

*Olivero v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000).

The basis for the IIED claim here is employment termination. Plaintiff does not sufficiently allege extreme and outrageous conduct. She alleges that the Club misrepresented the available leave (under the CBA) and coerced her to work with the intent to cause her further injury. The allegation of intent to cause injury is conclusory. Furthermore, Plaintiff does not allege the type of physical manifestations of emotional distress required to support an IIED claim. Plaintiff alleges referral for psychiatric treatment, but she alleges no physical injury or illness resulting from the alleged emotional distress. Because it appears that amendment is futile, this claim is dismissed, without leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 16) is GRANTED in part. All claims are dismissed except the second and third, with leave to amend the fifth claim.

IT IS SO ORDERED.

Dated this 18th day of March, 2011.

ROBERT C. JONES
United States District Judge